**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Brian E. CAIN & Charles Davis,
Defendants–Appellants.**

**Nos. 10–3223, 11–1202.**

United States Court of Appeals,
Seventh Circuit.

Submitted May 25, 2011.[*]

Decided May 31, 2011.

John G. McKenzie, Mark T. Karner, Office of the United States Attorney, Rockford, IL, for Plaintiff–Appellee.

Carol A. Brook, Office of the Federal Defender Program, Chicago, IL, Gregory N. Dutch, Montie, Bryant & Dutch, Madison, WI, for Defendants–Appellants.

Before RICHARD A. POSNER, Circuit Judge, JOHN L. COFFEY, Circuit Judge, JOEL M. FLAUM, Circuit Judge.

**ORDER**

Brian Cain and Charles Davis appeal their respective convictions and sentences after they both pleaded guilty to possession with intent to distribute crack cocaine, *see* 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Cain to the 120-month mandatory minimum and Davis to a within-Guidelines sentence of 290 months. We consolidated their appeals because both men challenge their sentences only on the ground that the court erred by refusing to apply retroactively the reduced statutory penalties under the Fair Sentencing Act of 2010, Pub.L. No. 111–220,124 Stat. 2372 (2010).

On appeal Cain and Davis contend that the district court erred by refusing to apply the Fair Sentencing Act, which took effect on August 3, 2010—before both men's sentencing (Cain's in September 2010, and Davis's in January 2011). But application of the Act turns on "the date of the underlying criminal conduct, not the date of sentencing." *United States v. Fisher*, 635 F.3d 336, 340 (7th Cir.2011). *See also United States v. Acoff*, 634 F.3d 200, 202 (2d Cir.2011). The Act does not apply retroactively to defendants like Cain and Davis, whose offenses (Cain's in October 2009, Davis's in late 2009 through early 2010) predated the Act's effective date. *United States v. Bell*, 624 F.3d 803, 814 (7th Cir.2010). Our sister circuits agree. *United States v. Bullard*, 645 F.3d 237, 247–49, 2011 WL 1718894, at *9–*11 (4th Cir.2011); *United States v. Goncalves*, 642 F.3d 245, 251–55 (1st Cir.2011); *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir.2011); *United States v. Reevey*, 631 F.3d 110, 114–15 (3d Cir.2010); *United States v. Diaz*, 627 F.3d 930, 931 (2d Cir. 2010); *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir.2010), *cert. denied*, —— U.S. ——, 131 S.Ct. 1790, 179 L.Ed.2d 660 (2011); *United States v. Brewer*, 624 F.3d 900, 909 n. 7 (8th Cir. 2010), *cert. denied*, —— U.S. ——, 131 S.Ct. 1805, 179 L.Ed.2d 670 (2011); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R.APP. P. 34(a)(2)(C).

Cir.2010), *cert. denied,* —— U.S. ——, 131 S.Ct. 1833, 179 L.Ed.2d 788 (2011); *United States v. Carradine,* 621 F.3d 575, 580 (6th Cir.2010), *cert. denied,* —— U.S. ——, 131 S.Ct. 1706, 179 L.Ed.2d 637 (2011). *See also United States v. Hall,* 403 Fed.Appx. 214, 217 (9th Cir.2010) (nonprecedential disposition).

AFFIRMED.